UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TIME WARNER CABLE OF NEW YORK
CITY LLC,

          Plaintiff,

   – against –

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL-CIO,
LOCAL UNION NO. 3,

          Defendant.

**MEMORANDUM & ORDER**

15-CV-700



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 22 2015 ★

BROOKLYN OFFICE

I. Introduction ................................................................................................1
II. Facts..........................................................................................................3
III. Arbitral Awards .......................................................................................3
IV. Standards of Review................................................................................5
   A. Motion to Dismiss Pursuant to Fed. R. of Civ. P. 12(b)(1) ................5
   B. Motion for Summary Judgment Pursuant to Fed. R. of Civ. P. 56....6
V. Waiver of Subject Matter Jurisdiction......................................................6
   A. Law .....................................................................................................6
      1. Confirmation of Arbitral Awards under the LMRA .....................6
      2. Waiver of Right to Object to Arbitration ......................................6
   B. Application of Law to Facts................................................................7
      1. LMRA .............................................................................................7
      2. Waiver ............................................................................................7
VI. Confirmation of Award ............................................................................8
   A. Law .....................................................................................................8
   B. Application of Law to Facts................................................................9
VII. Conclusion................................................................................................9

**JACK B. WEINSTEIN, Senior United States District Judge:**

### I. Introduction

The case arises from an alleged short work stoppage described in *Time Warner Cable of New York City LLC v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local Union No. 3*, 14-CV-2437, 2014 WL 1779827 (E.D.N.Y. May 5, 2014) (denying motion for preliminary injunction).

1

Plaintiff Time Warner Cable of New York City, LLC ("TWC") sues to confirm and enforce an interim arbitral award entered on December 12, 2014. ECF No. 1.

Defendant International Brotherhood of Electrical Workers, AFL-CIO, Local Union No. 3 ("Local 3") moves to dismiss for failure (1) to establish subject matter jurisdiction; and (2) to state a claim.

Moving pursuant to Federal Rule of Civil Procedure 12(b)(1), Local 3 first claims that the award is not "final" and the court thus lacks subject matter jurisdiction to confirm it. ECF Nos. 14, 15, 21.

Moving pursuant to Federal Rule of Civil Procedure 12(b)(6), Local 3 second alleges that because TWC "is not seeking confirmation of a final and binding award," the complaint "on its face fails to state a claim for confirmation" of an arbitral award. ECF No. 15 at 8. *See also* ECF No. 21.

TWC opposes dismissal. It cross-moves for summary judgment to confirm the award. It argues that the award is final in all but ministerial details in calculating damages; it also contends that any defense to confirmation of the award is time barred. ECF Nos. 18, 19, 32.

Local 3 opposes TWC's cross-motion on the grounds that: (1) the court lacks subject matter jurisdiction because the award is not final; (2) the court lacks subject matter jurisdiction pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because there was no collective bargaining agreement; and (3) that its defenses are not time barred. ECF No. 26, 28, 36.

TWC cross-moves for summary judgment to vacate the arbitral award on the ground that the award violates public policy "rooted in the National Labor Relations Act." *Id.* TWC opposes, arguing that (1) no public policy justifies vacating the award; and (2) that defendant, by

2

participating in the arbitration, waived its right to object to the arbitrability of the dispute. ECF Nos. 32, 37.

For the reasons stated on the record and referred to below, the court finds that the award is not final. Confirmation is not appropriate. *See* Part VI, *infra*.

Granted is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See* Part VI.B, *infra*.

Denied is plaintiff's cross-motion for summary judgment to confirm the award. *See* Part VI, *infra*.

Denied is defendant's cross-motion for summary judgment based on lack of subject matter jurisdiction due to lack of a collective bargaining agreement, *see* Part VI, *infra*.

Defendant's cross-motion to vacate the award based on public policy grounds is denied, without prejudice, as premature. *See* Part VI.B, *infra*.

## II. Facts

The dispute centers on plaintiff's allegations: (1) that defendant's members failed to accept required company-issued hand tools on April 1, 2014; and (2) that defendant and its members on April 2, 2014, violated the no-strike provision of the parties' collective bargaining agreement. *See* Exhibit B, Arbitral Decision, June 27, 2014, ECF No. 14-3; Exhibit C, Interim Award, Dec. 12, 2014, ECF No. 14-4; Exhibit F, Interim Award, Jan. 28, 2015, ECF No. 14-7.

## III. Arbitral Awards

On June 27, 2014, an arbitrator found the dispute arbitrable. ECF No. 14-3. Defendant continued to participate in the proceeding, failing to object to the issue of *substantive* arbitrability. *See* Exhibit A, ECF No. 33-1. Local 3 did object to the timeliness of the arbitral filing, pursuant to the collective bargaining agreement, and contention that plaintiff waived right

to arbitrate through court filings, pursuant to the collective bargaining agreement. Exhibit B, ECF No. 33-2 (post-hearing briefing).

On December 12, 2014, the arbitrator found that defendant "did violate the prohibition against cessation or stoppage of work contained in the parties' collective bargaining agreement." Exhibit C, Interim Award Dated December 12, 2014, ECF No. 14-4, 1. He retained continuing jurisdiction:

> [Defendant] shall pay to [plaintiff] a sum equal to the damages actually incurred by [plaintiff] as a direct result of this violation, as such damages may be computed by the Arbitrator after the total number of employees' suspension hours has been determined in another arbitration proceeding and communicated to the Arbitrator. [Defendant] shall also reimburse [plaintiff] for the one day wage cost of the guard who testified in an ancillary hearing, as well as contractor costs incurred to cover both the additional hours contractors worked on April 2, 2014 and on days when contractors may have been engaged to perform the work of bargaining unit employees who were suspended for participation in the work stoppage on April 2, 2014. [Plaintiff] shall submit documentation supporting the computation of additional contractor costs as set forth above. At the request of either party, the Arbitrator will convene a conference call or supplemental hearing to address [defendant's] reaction to these additional proofs.
>
> The Arbitrator hereby *retains jurisdiction for the purpose of imposing this remedy and any additional remedies in the instant matter, for computing such remedies, and for the purpose of resolving any dispute that may arise regarding the computation or implementation of any remedy issued pursuant to this Interim Award or subsequent Supplemental Awards.*

*Id.* at 2 (emphasis added).

At the request of the plaintiff, the arbitrator noted that "no final award has been issued;" he reopened the case to address the issue of defendant's alleged refusal to accept hand tools on April 1, 2014. Exhibit F, Interim Award of Arbitrator, Jan. 28, 2015, ECF No. 14-7, at 5. The

4

arbitrator found that plaintiff's "grievance cannot be sustained." *Id.* at 11. Again, the arbitrator noted retention of jurisdiction:

> The Arbitrator hereby *retains jurisdiction for the purpose of imposing this remedy and any additional remedies in the instant matter, for computing such remedies, and for the purpose of resolving any dispute that may arise regarding the computation or implementation of any remedy issued pursuant to any prior or subsequent Supplemental Award.*

*Id.* at 12 (emphasis added).

### IV. Standards of Review

#### A. Motion to Dismiss Pursuant to Fed. R. of Civ. P. 12(b)(1)

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010) (internal quotation marks and citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (internal quotation marks omitted) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A "district court may consider evidence outside the pleadings." *Morrison*, 547 F.3d at 170 (citation omitted).

"In resolving a Rule 12(b)(1) motion to dismiss, the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff, but jurisdiction must be shown affirmatively, and that showing may not be made by drawing from the pleadings inferences favorable to the party asserting it." *Berkson v. Gogo LLC*, 14-CV-1199, 2015 WL 1600755, at *37 (E.D.N.Y. Apr. 9, 2015) (internal quotation marks and citations omitted).

5

### B. Motion for Summary Judgment Pursuant to Fed. R. of Civ. P. 56

Summary judgment will be granted when it is shown that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant." *G.M.M. v. Kimpson*, 13-CV-5059, 2015 WL 1285704, at *7 (E.D.N.Y. Mar. 19, 2015) (quotation marks and citation omitted). *See also Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013) (same).

### V. Waiver of Subject Matter Jurisdiction

#### A. Law

##### 1. Confirmation of Arbitral Awards under the LMRA

"Federal courts have jurisdiction pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, over petitions to confirm labor arbitration awards." *Porter v. Thompson Roofing & Sheet Metal Co.*, 242 F.3d 367 (2d Cir. 2000) (unpublished); *Local 802, Associated Musicians of Greater N. Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).

##### 2. Waiver of Right to Object to Arbitration

Objections to arbitrability can be irrevocably waived by the parties' mutual agreement. *See, e.g., Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 368 (2d Cir. 2003) ("[I]f a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration."); *Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 191 (2d Cir. 2013) (stating same rule and applying it to a non-arbitral context); *Testamentary Trust Under Article Seventh of Last Will & Testament of Jones v. Watts Inv. Co.*, 99-CV-10590, 2000 WL 546490, at *4

(S.D.N.Y. May 3, 2000) ("Petitioners waived their right to challenge arbitration of Respondent's fraud claim because Petitioners participated in arbitrating the merits of this claim and awaited the arbitrator's decision upon this issue before seeking a stay."); *AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir. 2000) (cited by *Opals*, 320 F.3d at 368–69) (A party who "willingly and without reservation allows an issue to be submitted to arbitration . . . cannot await the outcome and then later argue that the arbitrator lacked authority to decide the matter."). *Cf. S & G Flooring, Inc. v. New York City Dist. Counsel of Carpenters Pension Fund*, 09-CV-2836, 2009 WL 4931045, at *5 (S.D.N.Y. Dec. 21, 2009) ("A simple statement of reservation of rights is not enough, however, but rather a 'forceful objection' is necessary to indicate an unwillingness to submit to arbitration.").

### B. Application of Law to Facts

#### 1. LMRA

Defendant argues that this court lacks jurisdiction under section 301 of the Labor Management Relations Act to confirm the arbitral award because there was no collective bargaining agreement in effect between the parties. It relies on an April 2015 recommendation by a National Labor Relations Board Administrative Law Judge. *See* Exhibit A, Decision of Administrative Law Judge, Steven Fish, dated April 28, 2015, National Labor Relations Board Case No. 29-CB-127501, ECF No. 35, at 31. This issue will be on appeal before the National Labor Relations Board. H'rg Tr., May 18, 2015. The court's jurisdiction has not been eliminated by the Administrative Law Judge's recommendation.

#### 2. Waiver

By participating in arbitration and failing to raise any substantive objection to the proceedings, and for the reasons stated on the record at oral argument, defendant arguably has

7

waived its right to challenge the present arbitration and the court's power to confirm any resulting award. *See* Part V.A; H'rg Tr., May 18, 2015. Not before this court is the issue of whether waiver by participation exists should the National Labor Relations Board find that there was no collective bargaining agreement.

## VI. Confirmation of Award

### A. Law

Federal courts have jurisdiction under section 301 of the Labor Management Relations Act to confirm awards that are "final and binding." *Gen. Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss and Co.*, 372 U.S. 517, 519 (1963) ("[I]f the award at bar is the parties' chosen instrument for the definitive settlement of grievances under the [Collective Bargaining] Agreement, it is enforceable under § 301."); *Porter v. Thompson Roofing & Sheet Metal Co.*, 242 F.3d 367, *1 (2d Cir. 2000) (unpublished) (same).

Awards may be considered "final," despite minor remaining details, such as calculating backpay. *See id.* ("[T]he reservation of jurisdiction over a detail like overseeing the precise amount of back pay owed does not affect the finality of an arbitrator's award."); *Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) & Its Local 537*, 47 F.3d 14, 16 (2d Cir. 1995) (per curiam) (same); *Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst. of Tech., Inc.*, 742 F.3d 42, 51 (2d Cir. 2014), *cert. denied sub nom. Kalyanaram v. Am. Ass'n of Univ. Professors at the New York Inst. of Tech., Inc.*, 135 S. Ct. 677 (2014), *reh'g denied sub nom. Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst. of Tech., Inc.*, 135 S. Ct. 1030 (2015) (subsequent award that merely effectuated "Final Award" did not affect finality of Award, where arbitrator intent was clear); *Local 36, Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Pevely Sheet Metal Co.*, 951 F.2d 947 (8th Cir. 1992) (holding that an order was not

8

final where the "determination of damages did not merely involve a simple calculation, but required the resolution of significant issues.").

### B. Application of Law to Facts

The award is not yet final. The arbitrator did not intend for it to be final, and repeatedly stated as much. *See* Part III, *supra*. He retained jurisdiction to address other remedies, in addition to the computation of damages. *Id.* For the reasons stated by the court on oral argument, the remaining task of arbitrator in the instant case is much more complex than it was in *Burns*; it will require the resolution of significant issues. *See* H'rg Tr., May 18, 2015; *see also Burns*, 47 F.3d at 14.

Since the award lacks finality, defendant's motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction is granted. Mooted is defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.

Plaintiff's cross-motion for summary judgment to confirm the award is denied without prejudice.

Defendant's contention that the award would violate public policy is mooted since a final award is not before the court. The motion to vacate the award is denied without prejudice for the same reason.

### VII. Conclusion

Defendant's motion to dismiss the complaint without prejudice is granted.

Plaintiff's cross-motion for summary judgment to confirm is dismissed without prejudice.

Defendant's cross-motion for summary judgment to vacate on public policy grounds is dismissed without prejudice.

Defendant's cross-motion for lack of subject matter jurisdiction based on lack of a collective bargaining agreement is dismissed without prejudice.

Plaintiff's argument that defendant's motion to vacate the arbitral award as time barred is dismissed as moot; no final arbitration award has yet issued.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: May 21, 2015
       Brooklyn, New York